IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GEORGE PORTERFIELD, *a/k/a* LARRY BROWN, #226071, | CIVIL ACTION NO. 9:16-3454-MGL-BM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| LARRY CARTLEDGE, Warden, | |
| Respondent. | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 18, 2016.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 14, 2017. With regard to Grounds Two and Three of the Petition, the Respondent asserts that Petitioner failed to raise these grounds in state court and would now be barred from doing so.[2] As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 18, 2017, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if

---

[1] Filing date pursuant to Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] The Respondent also moved for summary judgment on Petitioner's remaining ground (Ground One), which apparently has been properly pursued in state court.

1



he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

On April 21, 2017, Petitioner filed a motion for voluntary dismissal, seeking to dismiss his petition, without prejudice, in order to allow him to exhaust his state court remedies. In the alternative, Petitioner requests that his petition be held in abeyance pending exhaustion.[3] However, the Court notes that Petitioner also has a pending motion to stay in which he specifically requests that his petition not be dismissed, without prejudice, so that he can exhaust his state remedies, pointing out that a future potential time bar issue may arise if he later chose to refile his federal habeas petition after exhausting his state court remedies. The undersigned agrees that a dismissal of this action, without prejudice, could result in future potential time bar issues for the Petitioner. Therefore, his motion to voluntarily dismiss this petition should be denied.

With respect to Petitioner's motion to stay this case, in order for Petitioner to be entitled to a stay of his federal petition, he must show good cause; see Rhines v. Weber, 544 U.S. 269 (2005); with the definition of "good cause" being flexible depending on the facts and circumstances.

> "The Fourth Circuit and courts in this district have yet to precisely define what constitutes good cause under Rhines." Clement v. Ballard, No. 2:15-CV-02320, 2015 WL 6690158, at *10 (S.D.W. Va. Sept. 22, 2015) [collecting the split authority on whether ineffective assistance of PCR counsel may constitute good cause for a stay], *adopted by*, 2015 WL 6680893 (S.D.W. Va. Nov. 2, 2015). The Court emphasizes its good cause analysis is limited to the specific facts and circumstances of Petitioner's case.
>
> Stokes v. Stirling, No. 16-845, 2017 WL 1104926, at *2 (D.S.C. Mar. 24, 2017).

Based upon the current record before the Court, Petitioner has not alleged specific facts and circumstances to show good cause for the Court to grant a stay in this case. The Court cannot just assume good cause exists based on Petitioner's mere allegations that he may have some other state

---

[3]The Petitioner has recently filed a second PCR action in state court.



issues he could pursue and which would justify a stay of an unknown duration. Therefore, Petitioner's motion to stay should be denied at this time, without prejudice. Rather, Petitioner should file his response to the pending motion for summary judgment by May 31, 2017. Petitioner may present any grounds for good cause for why a stay should be entered as part of his response, if he desires to do so. The Court will then consider whether Petitioner is entitled to a stay, or if not, whether the Respondent is entitled to summary judgment.

In the alternative, if Petitioner still desires to have his petition dismissed, without prejudice, he should notify the Court of his request within the time for filing objections to the Report and Recommendation. However, he is specifically cautioned that such a dismissal could result in a future habeas petition being potentially time barred.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 25, 2017
Charleston, South Carolina

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



4